Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL (X)[1]

| JOSÉ M. MARXUACH FAGOT, MARÍA ELENA MARXUACH FAGOT, CARMEN MARGARITA FAGOT BIGAS, Y OTROS<br><br>Recurridos<br><br>v.<br><br>SUCESIÓN DE PEDRO REMBERTO FAGOT BIGAS, SCHIRA FAGOT MALDONADO, MARÍA CELESTE BIGAS KENNERLY, Y OTROS<br><br>Peticionarios | TA2025CE00487 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil núm.: SJ2024CV00586 (902)<br><br>Sobre: División o Liquidación de la Comunidad de Bienes Hereditarios, Impugnación o Nulidad de Testamento, Nombramiento de Administrador Judicial de los Bienes del Finado (causante), Enriquecimiento Injusto, Nivelación |

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 2 de octubre de 2025.

Comparecen ante este tribunal apelativo, la Sucesión de Pedro Remberto Fagots Bigas, compuesta por el Sr. Emilio Fagot Rodríguez, la Sra. Schira Fagot Maldonado y la Sra. María Celeste Bigas Kennerley (en conjunto, los peticionarios o la Sucesión), mediante el recurso de *certiorari* de epígrafe solicitándonos que revisemos la *Orden* emitida el 8 de agosto de 2025 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), notificada el 11 de agosto siguiente. Mediante este dictamen, el foro primario le impuso una sanción de $250 a los abogados de los peticionarios.

---
[1] DJ 2024-062C

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari.*

## I.

En el caso ante nuestra consideración, apuntalamos que las partes han recurrido ante esta *Curia* en un sinnúmero de ocasiones.[2] Por ello, para una mejor comprensión del tracto procesal sobre los hechos que hoy motivan el presente recurso, nos remitimos al relato plasmado al recurso más reciente ante nuestra consideración, caso KLAN202500247, resuelto mediante *Sentencia* emitida el 21 de mayo de 2025.

En lo concerniente al caso que nos ocupa señalamos que, el 22 de mayo de 2025, el foro recurrido emitió una *Orden Permanente*[3], como consecuencia del trámite procesal del caso y las múltiples comparecencias de las partes sobre las mismas controversias, en la que decretó varias órdenes aplicables a todas las controversias pendientes y que surjan en adelante. Entre estas, se encuentra la siguiente:

> Por cada moción o escrito presentado, el tribunal aceptará de la parte contraria una (1) sola moción o escrito a manera de oposición. Las réplicas, dúplicas, escritos subsiguientes, mociones aclaratorias o suplementarias sobre un mismo asunto o controversia planteada se tendrán por no presentados. Si el Tribunal requiriera alguna aclaración, así se les solicitará a las partes. [...]

Asimismo, el foro primario apercibió que el incumplimiento con las disposiciones incluidas en la referida orden conllevará a la imposición de sanciones económicas a la parte y/o a su representación legal. De igual forma, ordenó la notificación a las partes y a las representaciones legales de estas.

El 7 de agosto de 2025, los peticionarios instaron una **réplica** al escrito intitulado "Moción En Oposición A Moción

---

[2] Véase, KLCE202301466, KLAN202400163, KLCE202400690, KLCE202402927, KLAN202500247, KLCE202500276, y TA2025CE00005.
[3] Véase, el Sistema Unificado de Manejo y Administración de Casos (SUMAC) del TPI, Entrada núm. 144. La *Orden Permanente* se notificó el 23 de mayo.

Informativa, Solicitando Remedio Adecuado Y Prórroga". Esta moción fue presentada por la parte demandante (recurrida) el 5 de agosto anterior.

Así las cosas, el 8 de agosto de 2025, notificada el 11 de agosto siguiente, el foro *a quo* dictó la *Orden* recurrida en la que le impuso una sanción de $250 a cada uno de los representantes legales de los peticionarios por incumplir con la antedicha *Orden Permanente.* A su vez, expresó que se tiene "por no presentada la Réplica [SUMAC Entrada Núm. 183] y se le ordena a Secretaría el desglose de dicha moción, no autorizada por el Tribunal y en violación a la *Orden Permanente.*"

Inconforme con la determinación, los peticionarios instaron oportuna reconsideración la cual fue denegada mediante una Resolución emitida y notificada el 21 de agosto de 2025.

Todavía en desacuerdo, la Sucesión acude ante este foro revisor imputándole al TPI haber incurrido en los siguientes errores:

> PRIMER ERROR: COMETIÓ GRAVE ERROR DE DERECHO Y ABUSO DE SU DISCRECIÓN EL TPI AL IMPONER SUMARIA Y PERENTORIAMENTE UNA MULTA DE $500.00 A LOS ABOGADOS DE LA PARTE DEMANDADA, EL VIERNES 8 DE AGOSTO DE 2025, A LAS 5:00:56 PM.
>
> SEGUNDO ERROR: COMETIÓ GRAVE ERROR DE DERECHO Y ABUSO DE SU DISCRECIÓN EL TPI AL IMPONER UNA MULTA SUMARIA Y AUTOMÁTICA DE $250.00 AL ABOGADO SUSCRIBIENTE, SIN UN DEBIDO PROCESO DE LEY POR RADICAR UNA MOCIÓN OPONIÉNDONOS A UNA MOCIÓN QUE A ÚLTIMA HORA LA PARTE DEMANDANTE HABIA PRESENTADO SOLICITANDO LA SUSPENSIÓN DE LA IMPORTANTE VISTA DEL LUNES 11 DE AGOSTO SOLICITANDO LA PARALIZACIÓN DE LAS DEPOSICIONES PAUTADAS DE LOS DEMANDANTES LCDO. JOSÉ MIGUEL MARXUACH FAGOT, Y CARMEN MARGARITA FAGOT BIGAS, SIN CONCEDER UNA OPORTUNIDAD DE DEFENDERNOS NEGANDO ASÍ UN DEBIDO PROCESO DE LEY.
>
> TERCER ERROR: COMETIÓ GRAVE ERROR DE DERECHO EL ILUSTRADO FORO DE INSTANCIA

AL DENEGAR LA MOCIÓN DE RECONSIDERACIÓN [ANEJO 4] DONDE SE EXPUSIERON LAS RAZONES URGENTES QUE SE TUVO PARA PRESENTAR LA MOCIÓN QUE DIO PASO A LA MULTA.

Evaluado el recurso y acorde con la determinación arribada, prescindimos de la comparecencia de la parte recurrida, según nos faculta la Regla 7(B)(5) de nuestro Reglamento, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR ___, (2025).

## II.

### Auto de *Certiorari*

El recurso de *certiorari* es el vehículo procesal discrecional disponible para que un tribunal apelativo revise las resoluciones y órdenes interlocutorias de un tribunal de inferior jerarquía. Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1; *García v. Padró*, 165 DPR 324, 334 (2005). Todo recurso de *certiorari* presentado ante este foro apelativo deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, *supra*. Dicha regla limita la autoridad y el alcance de la facultad revisora de este foro apelativo sobre órdenes y resoluciones dictadas por el foro de primera instancia, revisables mediante el recurso de *certiorari*. La referida norma dispone como sigue:

> Todo procedimiento de apelación, certiorari, certificación, y cualquier otro procedimiento para revisar sentencias y resoluciones se tramitará de acuerdo con la ley aplicable, estas reglas y las reglas que adopte el Tribunal Supremo de Puerto Rico.
> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, **solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo.** No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando **se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones**

**de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia**. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 de este apéndice sobre los errores no perjudiciales. Regla 52.1 de Procedimiento Civil, *supra*. [Énfasis Nuestro].

Por tanto, el asunto que se nos plantea en el recurso de *certiorari* deberá tener cabida bajo alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, *supra*. Ello, debido a que el mandato de la mencionada regla dispone expresamente que solamente será expedido el auto de *certiorari* para la revisión de remedios provisionales, interdictos, denegatoria de una moción de carácter dispositivo, admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia y en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Así, pues, para establecer si debemos expedir un auto de *certiorari* hay que determinar primeramente si el asunto que se trae ante nuestra consideración versa sobre alguna de las materias especificadas en la Regla 52.1 de las de Procedimiento Civil, *supra*.

**III.**

En esencia, los peticionarios señalan que erró el TPI al imponer la sanción sumaria en violación al debido proceso de ley.

Analizado el presente recurso, advertimos que todo recurso de *certiorari* presentado ante este foro intermedio deberá ser examinado, primeramente, al palio de la Regla 52.1 de las de Procedimiento Civil, *supra*.

De una lectura de la referida norma, surge que la controversia planteada no está incluida en las instancias que esta *Curia* puede atender de conformidad a la Regla 52.1 de las de Procedimiento Civil, *supra*. Por ello, procede denegar el recurso, al amparo de la Regla 11(C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 20, 215 DPR __ (2025), para que continúen los procedimientos del caso, sin mayor dilación.

Por otro lado, advertimos que el TPI, en la Resolución denegando la reconsideración, expresó que la sanción impuesta al Lcdo. Martín G. González Vélez fue dejada sin efecto en corte abierta en la vista celebrada el 11 de agosto de 2025. Ello, debido a que la réplica instada ante el TPI, que motiva la sanción, fue firmada solamente por el Lcdo. Martín Gonzalez Vázquez.

Por último, como bien señaló el foro recurrido en la referida Resolución "[e]l tribunal de primera instancia tiene gran flexibilidad y discreción para tramitar los asuntos relacionados con el manejo de sus casos de forma que garanticen una solución justa, rápida y económica. Es por esta razón que "se les ha reconocido [a los tribunales] poder y autoridad suficiente para conducir los asuntos litigiosos ante su consideración y para aplicar correctivos apropiados en la forma y manera que su buen juicio les indique". *In re Collazo I*, 159 DPR 141, 150-151 (2003). Bajo este principio, y tomando en consideración el expediente del caso de autos, se dictó la Orden Permanente el 22 de mayo de 2025. [SUMAC Núm. 144]."[4]

**IV.**

Por los fundamentos antes expuestos, se deniega el recurso de *certiorari* al no satisfacer los criterios establecidos en la Regla 52.1 de las de Procedimiento Civil, *supra*.

---

[4] SUMAC del TPI, Entrada núm. 197.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones